UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFF WITHAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:23-cv-00336-LEW |
| | ) | |
| HANCOCK COUNTY JAIL, | ) | |
| et. al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is evidently a pretrial detainee at the Hancock County Jail, has filed

a complaint against the jail and the county sheriff alleging that the jail "violated [his]

attorney client privilege."  (Complaint at 4, ECF No. 1.)  Plaintiff also filed an application

to proceed without prepayment of fees, which application the Court granted.  (Application,

ECF No. 2; Order, ECF No. 3.)

In accordance with the statute that governs actions in which a plaintiff is permitted

to proceed without prepayment of fees, a preliminary review of Plaintiff's complaint is

appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, because Plaintiff is currently in jail,

Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as

practicable after docketing," because he is "a prisoner seek[ing] redress from a

governmental entity or officer or employee of a governmental entity."  28 U.S.C. §

1915A(a).

After a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

## STANDARD OF REVIEW

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## FACTUAL ALLEGATIONS

Plaintiff alleges that jail personnel remained in a room with him and his attorney on one occasion when they were attempting to discuss and investigate the case pending against him. (Complaint at 4.) Plaintiff also asserts that the meeting occurred in the library, which is equipped with a camera with audio recording capabilities. (*Id.*)

## DISCUSSION

Plaintiff asserts his claim pursuant to 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ….

42 U.S.C. § 1983.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Plaintiff's allegations potentially implicate his Sixth Amendment right to effective assistance of counsel.  "'[T]he essence of the sixth amendment right is, indeed, privacy of communication with counsel.'"  *United States v. Dyer*, 821 F.2d 35, 38 (1st Cir. 1987) (quoting *United States v. Rosner*, 485 F.2d 1213, 1224 (2d Cir. 1973)).  The mere knowledge of or exposure to a defendant's attorney-client communication, however, does not constitute a constitutional violation.  *Id.*; *Weatherford v. Bursey*, 429 U.S. 545 (1977). "'A sixth amendment violation cannot be established without a showing that there is a 'realistic possibility of injury' to [a defendant] or 'benefit to the state' as a result of the

government's intrusion into the attorney-client relationship.'" *Dyer*, 821 F.2d at 38 (quoting *United States v. Mastrioianni*, 749 F.2d 900, 907 (1st Cir. 1984)); *see also*, *Pasdon v. City of Peabody*, 417 F.3d 225, 228 (1st Cir. 2005) (the plaintiff "has no cause of action under 42 U.S.C. § 1983" for a Sixth Amendment violation unless plaintiff can "show that he was prejudiced" by the infringement of the attorney-client relationship).

Here, Plaintiff has alleged no facts that would support a finding that the presence of a corrections officer or the camera were deliberate efforts to discover confidential information or resulted in any harm to Plaintiff. For instance, he has not alleged that information discussed during the meeting was shared with prosecutors and used to his detriment. Plaintiff, therefore, has failed to allege sufficient facts to support a claim.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of October, 2023.