UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFFREY ALAN WITHAM, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-cv-00336-LEW |
| | ) | |
| HANCOCK COUNTY JAIL, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On October 25, 2023, United States Magistrate Judge John Nivison filed with the Court his Recommended Decision After Review of Plaintiff's Complaint (ECF No. 6). In his complaint, Plaintiff Jeffrey Alan Witham, Jr. ("Witham") argues that Defendants Hancock County Jail and Sheriff Scott Kane violated his Sixth Amendment right to counsel. Compl. at 4–5. Witham, who is in custody at the Hancock County Jail, alleges that he met with an attorney last June to review his cellphone's contents for evidence of tampering against the Hancock County Sheriff's Office and the Ellsworth, Maine, District Attorney's Office. Witham claims that Sheriff Kane instructed a Hancock County Jail staff member to stay in a room equipped with cameras and audio recording as Witham met with his lawyer. *See id.*; *see also* Obj. at 3. Having reviewed Witham's complaint, Magistrate Judge Nivison recommended that this Court dismiss the matter. *See* 28 U.S.C. § 1915; *id.* § 1915A. Magistrate Judge Nivison reasoned that Witham did not allege a plausible Sixth Amendment claim because his allegations did not support "a finding that the presence of a

corrections officer or the camera were deliberate efforts to discover confidential information or resulted in any harm to Plaintiff." Rec. Dec. at 4.

Witham objected to Magistrate Judge Nivison's Recommended Decision on December 7, 2023. This objection is untimely under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Service of the Recommended Decision was made on October 25, 2023, and Witham had fourteen days from then to object.[1]

Even though Witham's objection is untimely, I have considered his arguments, and I agree with the Recommended Decision. In his objection, Witham suggests that Sheriff Kane had instructed a guard to listen to Witham's conversation with his lawyer to see if they realized that Witham's emails were deleted. *See* Obj. at 3. Witham offers no facts in support of this claim, but even if true, this, as presently alleged, would not amount to the "realistic possibility of injury" to him or "benefit to the state" that First Circuit precedent requires. *United States v. Dyer*, 821 F.2d 35, 38 (1st Cir. 1987) (quoting *United States v. Mastroianni*, 749 F.2d 900, 907 (1st Cir. 1984)). Witham alleges that he was prejudiced because he was deprived of an attorney and had to take a court-appointed lawyer, resulting in a conviction. These general allegations of prejudice do not rise to the level of a Sixth Amendment violation. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (defining prejudice as requiring that "counsel's errors were so serious as to deprive the defendant of a fair trial"). Furthermore, these allegations of prejudice appear to stem from Witham's

---

[1] Witham was served by the Clerk's Office when it sent him a copy of Magistrate Judge Nivison's Recommended Decision. *See* Fed. R. Civ. P. 5(b) (stating that service is made by "mailing it to the person's last known address—in which event service is complete upon mailing").

emails allegedly having been deleted, rather than from a guard listening to his conversation with his lawyer, which is the relevant conduct to his Sixth Amendment claim.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED.  Thus, Plaintiff Witham's complaint is DISMISSED.

**SO ORDERED.**

Dated this 12th day of February, 2024

                                 /s/ Lance E. Walker  
                                 UNITED STATES DISTRICT JUDGE